Booher vs. Worrill.

DAVID L. BOOHER, plaintiff in error *vs.* EDMUND H. WOR-RILL, defendant in error.

A suit was instituted upon a joint note and one only was served, and at the trial, upon objection being made, plaintiff's counsel discontinued the suit as to the party not served, upon which the defendant then pleaded the facts in abatement, to which plea a demurrer was filed, which the Court sustained and then defendant excepted to the judgment and retired.

*Held,* Under section 3274 of the Code, it was error in the Court to have sustained the demurrer to the plea. This plea distinctly set out the facts, it showed that the note was joint, that the joint contractor, not served, lived in the jurisdiction of the Court and in the county where the Court was then sitting. And as to the form of the plea we may only say all the technicalities of pleading and the subleties of form have been brushed away by the sweep of an enlightened progress in the administration of justice.

Parties. Pleading. Before Judge JOHNSON. Muscogee Superior Court. November Term, 1870.

Worrell sued D. L. Booher and Milo Booher, of said county, upon a promissory note for rent, whereby they jointly

Booher *vs.* Worrill.

promised to pay a sum of money to one Cheney's order. Worrell indorsed upon his petition, "Let the sheriff return as to Milo Booher not to be found, etc., E. H. Worrell." The sheriff served D. L. Booher, and as to Milo returned only as follows: "No copy furnished me to serve upon the other defendant, Milo Booher."

When the cause was called for trial, D. L. Booher's counsel objected to trying it till Milo Booher should be served. The plaintiff took an order dismissing the cause as to Milo, and thereupon the Court ordered the trial to proceed. D. L. Booher then pleaded as follows: "Milo Booher is, with said defendant, jointly liable to the said plaintiff on said note, and said Milo Booher resides within the jurisdiction of the Court, and did so reside at the commencement of the suit, to-wit: in the county of Muscogee in said State, and, though apparently sued in said action with the said defendant, yet at the time of the filing of the declaration in the office of the Clerk of the Superior Court of Muscogee county, the said plaintiff in writing instructed the said Clerk not to have the said Milo Booher served, and this the defendant is ready to verify, wherefore he prays judgment," etc.

This plea was demurred to and the demurrer was sustained. The defendant declining to offer other defense, judgment was entered against him by default. The sustaining said demurrer and signing said judgment are assigned as error.

Moses & Downing, for plaintiff in error.

Peabody & Brannon, for defendant. Said defendant should have pleaded the non-joinder in abatement: R. Code, secs. 3424, 3529; 23d Ga. R., 600. This was not a plea in abatement: 3 Ch., 900. He should have asked that Milo be served : 36th Ga. R., 407.

Gill *vs.* Mizell.

LOCHRANE, Chief Justice.

The legal question presented by the record is whether a joint promissor, living within the jurisdiction of the Court when the suit is filed, must be sued with the other joint maker.

Suit was brought against both, but one only was served, by direction of the plaintiff. Upon the trial the defendant objected, and the plaintiff discontinued the suit as to the party not served, and then defendant pleaded the facts in abatement. Plaintiff filed a demurrer to the plea, which the Court sustained, and the plaintiff took judgment.

In our opinion it was error in the Court to have sustained the demurrer to the plea under section 3274 of the Code. The facts pleaded showed there was a joint contractor who lived within the jurisdiction of the Court who had not been served. And the form of the plea was immaterial to the merits of the case. Technicalities in pleading, and subleties of form have been brushed away by the sweep of an enlightened progress in the administration of justice.

Judgment reversed.